BEFORE THE THIRD DIVISION, JUNE 28, 1965

No. 69432.—Western Pacific Import Co. *v.* United States, protests 64/20704, 64/20705, and 64/20710 (San Diego).

DONLON, Judge: Counsel have submitted these cases on the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, as to merchandise covered by the protests enumerated in the annexed Schedule, which is incorporated herein:

1. That the merchandise represented by the items marked "A" and initialed FLP by Frank L. Pierce SN by S. Nyshot on the invoices accompanying the entries covered by the protests enumerated in the attached Schedule, assessed with duty as tableware at 40% ad valorem and 10¢ per dozen pieces under Par. 211 of the Tariff Act of 1930 as modified, and claimed not tableware, kitchenware, or table or kitchen utensils and properly dutiable at 25% ad valorem and 10¢ per dozen pieces under Par. 211 as modified by T.D. 52739, consists of earthenware trays which:

    (a)   are composed of a non-vitrified absorbent body;

    (b)   are not tableware, kitchenware, or table or kitchen articles; and

    (c)   are valued per dozen articles under $3.00.

2. That these protests may be deemed submitted on this stipulation and the record thus made.

The stipulation and also the protests themselves, 64/20704 and 64/20705, cite T.D. 52739, which is the Torquay Protocol to the General Agreement on Tariffs and Trade, as the modification which provides the claimed modified duty rate, viz., 10 cents per dozen pieces and 25 per centum ad valorem under paragraph 211. This is not so. There is no such rate in the Torquay protocol (T.D. 52739) for earthenware composed of a nonvitrified absorbent body, not tableware or kitchenware, valued under $3 per dozen pieces, as stipulated. There is such a rate provided in the Japanese Protocol to the General Agreement on Tariffs and Trade (T.D. 53865), for articles so described, valued per dozen articles under $3. This is the modified rate which the protests and the stipulation recited, as to these articles. These importations were entered in 1962 and 1963, at which time the Japanese protocol was effective. (T.D. 53877.)

Plaintiff has invoked paragraph 211 and named the particular items and the claimed duty rate. While both the protest claims and the stipulation are incorrect in describing the modification, there is precedent for our entering the correct judgment. *Preload Construction Corp. et al.* v. *United States*, 38 Cust. Ct. 60, C.D. 1844, and cases therein cited.

Accepting this stipulation as an agreed statement of facts and the protests as claiming the modified duty rate that is specified therein, we hold that the merchandise represented by the items marked with the letter "A" and with the initials of an examiner on the invoices covered by the entries and protests recited in schedule A, attached to and made a part of this decision, consists of earthenware trays composed of a nonvitrified absorbent body, which are not tableware or kitchenware, valued under $3 per dozen articles, dutiable at 10 cents per dozen pieces and 25 per centum ad valorem, under paragraph 211 of the Tariff Act of 1930, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade (T.D. 53865), effective September 10, 1955 (T.D. 53877).

To the extent indicated, the protests are sustained. In all other respects and as to all other merchandise, the protests are overruled.

Judgment will be entered accordingly.